In re Petition of the Tax Claim Bureau of Westmoreland County, Pennsylvania, to Sell Free and Clear the Property of: ESTATE OF Anna S. ROWLEY, her heirs and assigns: Being Map No. 26–02–09–0–418.

Appeal of: Carl F. Miller.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2013.

Decided Dec. 23, 2013.

Reconsideration Denied Feb. 28, 2014.

---

338

Carl F. Miller, pro se.

Timothy C. Andrews, Assistant County Solicitor, Greensburg, for appellee Westmoreland County Tax Claim Bureau.

BEFORE: PELLEGRINI, President Judge, COHN JUBELIRER, Judge, FRIEDMAN, Senior Judge.

OPINION BY President Judge PELLEGRINI.

■ Carl F. Miller (Miller), *pro se*, appeals from an order of the Court of Common Pleas of Westmoreland County (trial court) granting the Westmoreland County Tax Claim Bureau's (Bureau) Motion to Dismiss his Petition to Vacate Judicial Tax Sale unless he obtained counsel within 60 days of that order. For the reasons that follow, we affirm the trial court's order and remand for further proceedings.

The matter arises out of a judicial tax sale of property of the Estate of Anna S. Rowley (Estate) on May 15, 2012.[1] Miller, Rowley's son in-law and the Administrator of the Estate, filed a Petition to Vacate Judicial Tax Sale (Petition) alleging various procedural deficiencies by the Bureau. The Bureau then filed a Motion to Dismiss the Petition, arguing that Miller was engaging in the unauthorized practice of law by representing the Estate, and requesting

that the trial court dismiss the Petition or, alternatively, compel Miller to obtain counsel. By order dated February 28, 2013, the trial court, holding that an estate must be represented by a licensed attorney, granted the Bureau's Motion to Dismiss. However, the order provided that the Petition would be dismissed only if Miller failed to retain counsel within 60 days of the date of the order.[2]

Miller appealed the trial court's February 28, 2013 order to this Court on March 16, 2013, prior to the expiration of the 60–day period for obtaining counsel. On appeal, Miller argues that he should be permitted to proceed *pro se* to represent the interests of the Estate.

As a preliminary matter, we must determine whether we have jurisdiction over Miller's appeal. The Bureau argues that because the trial court's order did not dispose of the case but merely directed Miller to obtain counsel within 60 days, it is an interlocutory order that is appealable only by permission.[3] Miller contends, however, that the trial court's order is a collateral order appealable by right.[4]

---

1. The Bureau petitioned for judicial sale of the property and on March 2, 2011, the trial court issued a rule to show cause why the property should not be sold free and clear pursuant to the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101—5860.803. Miller objected to the sale and a hearing was held before the trial court on September 30, 2011. At the hearing, Miller obtained permission to delay the sale until May 15, 2012, in order to transfer the deed for the property to his own name. The trial court instructed Miller to contact the Bureau if he had any issues transferring the property. However, Miller did not do so and the sale took place as scheduled.

2. The trial court's order provides, in relevant part:

   1. Accordingly, the Motion to Dismiss Petition is hereby GRANTED. However, Mr. Miller may proceed to retain an attorney, with that attorney entering an appearance

of record on behalf of the Estate within sixty (60) days [of the] date of this Order. 2. If no attorney enters such an appearance of record on behalf of the Estate, then the Petition to Vacate Judicial Sale will be DISMISSED. 3. However, should an attorney enter such an appearance of record, said Petition shall be amended to reflect the correct caption as originally filed and any necessary parties. (Trial Court's February 28, 2013 Order at 4).

3. An appeal must be quashed where the order appealed from is interlocutory and the appeal is not authorized by Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 311 (governing interlocutory appeals as of right) or 312 (governing interlocutory appeals by permission). *See* Pa. R.A.P. 301.

4. Pa. R.A.P. 313 provides:
   (a) *General Rule.* An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

■ As a general rule, an appellate court's jurisdiction extends only to review of final orders. *Rae v. Pennsylvania Funeral Directors Association*, 602 Pa. 65, 71, 977 A.2d 1121, 1124–25 (2009); Pa. R.A.P. 341.[5] However, Pa. R.A.P. 313 permits appellate review of collateral orders. An order is an appealable collateral order if it is "(1) separable from and collateral to the main cause of action, (2) implicates rights which are too important to be denied review, and (3) the appellant's claim as to that order will be lost if postponed until final judgment." *Rae*, 602 Pa. at 69–70, 977 A.2d at 1124. As an exception to the rule of finality, the collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral. *Brophy v. Philadelphia Gas Works and Philadelphia Facilities Management Corp.*, 921 A.2d 80, 87 (Pa. Cmwlth.2007).

In this case, the order at issue pertains to whether a non-attorney can represent an estate. It meets the first prong of the test because it is clearly separable from and collateral to the substantive issue of whether a particular judicial sale should be vacated due to alleged procedural defects. As to the second prong, Miller's challenge to the trial court's order raises an important question regarding the scope of and a possible exception to the general rule that a non-attorney may not represent a party in court, i.e., may a non-attorney administrator represent an estate. Finally, the third prong of the collateral order doctrine is satisfied because Miller will either retain counsel and lose his opportunity to assert his alleged right to represent the estate or not retain counsel and allow the trial court to dismiss the action without ruling on the merits of the propriety of the tax sale.[6] Accordingly, because the order from which Miller appeals is a collateral order, we will address the question he raises on appeal—whether he may represent the Estate as a non-attorney.

■ It is well settled that with a few exceptions, non-attorneys may not represent parties before the Pennsylvania courts and most administrative agencies. *Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130 (Pa.Cmwlth. 2001). *See, e.g., id.* at 1131 (Pastor, a non-attorney, could not represent Church in appeal of denial of its application for tax exempt status as a charitable organization); *Westmoreland County v. RTA Group, Inc.*, 767 A.2d 1144, 1151 (Pa. Cmwlth.2001) (real estate consulting service engaged in unauthorized practice of law by processing clients' tax assessment appeals); *Smaha v. Landy*, 162 Pa.

(b) *Definition.* A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

5. Pa. R.A.P. 341 provides, in relevant part:
(a) *General Rule.*—Except as prescribed in subdivision (d) and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
(b) *Definition of Final Order.*—A final order is any order that:

(1) disposes of all claims and of all parties; or
(2) is expressly defined as a final order by statute; or
(3) is entered as a final order pursuant to subsection (c) of this rule.

6. *See Concilio DeIglesias Ministetio Marantha Pentecostal Inc. v. Zoning Hearing Board of City of Scranton*, 2012 WL 8681514 (Pa. Cmwlth. No. 823 C.D.2011, filed March 14, 2012) (holding that the Church's challenge to an order requiring it to obtain counsel in appeal from zoning hearing board decision satisfied collateral order doctrine).

Cmwlth. 136, 638 A.2d 392, 397 *petition for allowance of appeal denied,* 539 Pa. 660, 651 A.2d 546 (1994) (nonprofit medical corporation must have counsel in order to proceed in court action as a corporation and cannot represent itself.); *Walacavage v. Excell 2000, Inc.,* 331 Pa.Super. 137, 480 A.2d 281, 284 (1984) (corporation may not appear in court and be represented by a corporate officer and shareholder who is not an attorney).

Our Supreme Court has held that what constitutes the practice of law must be determined on a case-by-case basis, and explained that in making such a determination, a court "must keep the public interest of primary concern, both in terms of the protection of the public as well as in ensuring that the regulation of the practice of law is not so strict that the public good suffers." *Harkness v. Unemployment Compensation Board of Review,* 591 Pa. 543, 551, 920 A.2d 162, 167 (2007). In *Harkness,* the factors our Supreme Court considered in determining whether a person should be able to represent the interests of another before an *administrative agency* were whether the proceedings by design are intended to be brief and informal, not intended to be intensely litigated; whether the evidentiary rules apply; the

amounts generally at issue in proceedings of that type; whether there is prehearing discovery; whether normally only questions of fact and not complex legal issues are involved; and whether the fact-finder is not required to be a lawyer.[7]

■ Although no Pennsylvania state court has applied the *Harkness* factors or even addressed whether a non-attorney may represent an estate, federal courts have addressed the issue.[8] First, in *Williams v. USP–Lewisburg,* No. 3:CV–09–1715, 2009 WL 4921316 (M.D.Pa. Dec. 11, 2009), the District Court for the Middle District of Pennsylvania, in holding that a non-attorney could not represent a family member's estate, explained:

> Like a corporation, an estate can only act through an agent; in this case, an administrator. An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicensed lay administrator to appear pro se would be to permit the unauthorized practice of law.

*Id.* slip op. at 3 (citing *McCants v. Village of Broadview,* No. 93 C 3657, 1994 WL 117478 (N.D.Ill., March 28, 1994), slip op.

---

**7.** In holding that a non-attorney representative is permitted to represent an employer in unemployment compensation proceedings before a referee, the *Harkness* Court explained:

> [T]he unemployment compensation system must operate quickly, simply, and efficiently. The proceedings are by design, brief and informal in nature.... Thus, the claims for benefits are not intended to be intensely litigated. Unemployment compensation proceedings are not trials. The rules of evidence are not mandated; there is no prehearing discovery; the parties have no right to a jury trial; indeed there is no requirement that the referee be a lawyer. Also, and importantly, there are only minimal amounts of money in controversy.... Is-

sues arising in these matters are generally questions of fact not requiring complex legal analysis. Requiring employers to be represented by counsel will not only undermine the informal, speedy and low cost nature of these proceedings, it may dissuade many employers from defending claims for benefits leading to the possibility of an unwarranted drain on the system. *Harkness,* 591 Pa. at 553, 920 A.2d at 168 (citations omitted).

**8.** We note that while decisions of lower federal courts are not binding on the courts of this Commonwealth, we may accept them as persuasive authority. *Goldman v. Southeastern Pennsylvania Transportation Authority,* 618 Pa. 501, 57 A.3d 1154, 1169 n. 12 (2012).

at 1–2). Moreover, in *Pridgen v. Andresen*, 113 F.3d 391 (2nd Cir.1997), also cited by the trial court, the Second Circuit held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Id.* at 393. The Court explained that in such instances, "the action cannot be described as the litigant's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceedings." *Id.*

██ The trial court's decision to not allow Miller to represent the Estate is consistent with the principles expressed in those cases, as well as our Supreme Court's analysis in *Harkness*. Administration of estates involves court proceedings as opposed to informal administrative agency proceedings. As in this case, where the trial court specifically found that there are other parties that will be affected by the outcome of these proceedings—Miller's brother-in-law and a creditor—estates also normally involve third parties and payment of estate taxes to the Commonwealth. While the *Harkness* Court found that prohibiting non-attorneys from representing employers in unemployment compensation hearings would create an undue burden for employers, the factors emphasized by the Court in that case (informal nature of proceedings, minimal legal analysis required, minimal amounts of money in controversy) are not applicable to estate representation. Given the complex legal issues that may arise during the representation of an estate, such as challenging a judicial sale, prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public, and we agree with the trial court that, regardless of his relationship to the decedent, Miller may not represent the Estate.[9]

Accordingly, the trial court's order is affirmed, and the matter is remanded to the trial court for further proceedings.

### ORDER

AND NOW, this *23rd* day of *December*, 2013, the order of the Court of Common Pleas of Westmoreland County, dated February 28, 2013, at No. 1380 of 2011, is affirmed, and the matter is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

---

**9.** This case is also unlike *In re: Lawrence County Tax Claim Bureau*, 998 A.2d 675 (Pa. Cmwlth.2010), which held that a general partner in a partnership had authority to represent the partnership *pro se* to stop a judicial sale of partnership property. We so held because the general partner could have been held liable for the rights and obligations of the partnership in his individual capacity. We also expressly stated that "an individual who is a limited partner, however, cannot proceed in his individual capacity on behalf of a partnership. The limited partner's liabilities are not co-extensive with those of the partnership, as is the case for a general partner." *Id.* at 680 n. 9. That decision was also based in part on the fact that "a partnership is not recognized as an entity like a corporation, that it is not a legal entity having as such a domicile or residence separate and distinct from that of the individuals who compose it." *Id.* at 679 (citing *Continental Casualty Company v. Pro Machine*, 916 A.2d 1111, 1119 (Pa.Super.2007)). Unlike a general partnership, in which each individual has personal liability for the debts of the partnership, an estate is similar to a corporation in that it is a separate legal entity and the administrator, executor, or, for that matter, beneficiaries are not individually liable for the debts of estate.