J-A09017-19

2019 PA Super 135

| | | |
|---|---|---|
| DEREE J. NORMAN, ADMINISTRATOR FOR ESTATE OF LYDIA F. SHEARLDS, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 2456 EDA 2018 |
| TEMPLE UNIVERSITY HEALTH SYSTEM D/B/A TEMPLE UNIVERSITY HOSPITAL, SCOTT R. BEAUDOIN, M.D., BRIAN BRADY, M.D., DANIEL J. BURKE, M.D., CHANDRA DASS, M.D., EDWARD DORAZIO, M.D., DAVID J. EDWARD, M.D., TAMIM S. KHADDASH, M.D., CHUL KWAK, M.D. AND JANE C. YOON, M.D. | : : : : : : : : : | |

Appeal from the Order Entered July 13, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  170303647

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

OPINION BY MURRAY, J.:                                    **FILED APRIL 29, 2019**

Deree J. Norman (Appellant), Administrator of the Estate (Estate) of

Lydia F. Shearlds, Deceased (Decedent), appeals *pro se* from the order

dismissing his complaint because, as a *pro se* individual, he is precluded from

representing Decedent's estate.  We affirm.

Appellant is Decedent's son and the administrator of her estate.

---

* Retired Senior Judge assigned to the Superior Court.

Appellant has two brothers. Trial Court Opinion, 10/31/18, at 1. On or about April 4, 2015, Decedent was admitted to Temple University Hospital, "possibly . . . due to complications with emphysema," and she died the following day. *Id.* at 2. The trial court summarized:

> Appellant claimed that [Appellee] Dr. Jane C. Yoon committed medical malpractice by improperly inserting [the Decedent's] feeding tube [and] that [Appellee] Temple University Health System edited [the Decedent's] medical records to censor her treatment history. Appellant sought representation from two law firms in pursuit of a medical malpractice claim [but they both declined representation.] Appellant filed this lawsuit *pro se* on March 31, 2017.

*Id.*

Appellant's complaint named ten defendants — Temple University Health System d/b/a/ Temple University Hospital; Scott R. Beaudoin, M.D.; Brian Brady, M.D.; Daniel J, Burke, M.D.; Chandra Dass, M.D.; Edward Dorazio, M.D.; David J. Edward, M.D.; Tamim S. Khaddash, M.D.; Chul Kwak, M.D.; and Dr. Yoon (collectively, Appellees) — and raised claims of negligence and fraud. "Appellant included documentation of the . . . Estate's insolvency as well as Appellant's failure to procure legal representation," and the trial court granted Appellant *in forma pauperis* status. Trial Court Opinion, 10/31/18, at 2; Order, 4/12/17. Over the next nine months, Appellees and Appellant filed, respectively, alternating preliminary objections and amended complaints. Appellees also filed an answer to the amended complaint.

On January 3, 2018, the trial court entered an order stating that no individual may represent an estate *pro se*, and staying the case for 60 days

to allow the Estate to retain an attorney or prove that Appellant is its sole beneficiary. Order, 1/3/18, *citing* **In re Estate of Rowley**, 84 A.3d 337, 341-342 (Pa. Cmwlth. 2013) (discussed **infra**).

Appellant filed a notice of appeal, and on February 27, 2018 — while the appeal was pending — filed a petition in the trial court to extend the stay. On March 12, 2018, this Court *sua sponte* quashed the appeal because the January 3, 2018 order was not final or appealable. **Norman v. Temple University Health System**, 466 EDA 2018 (*per curiam* order) (Pa. Super. Mar. 12, 2018).

On March 27, 2018, the trial court granted Appellant's petition to extend the stay and permitted him an additional 60 days to obtain counsel.[1] Order, 3/27/18. On May 30th, however, Appellees filed a motion to dismiss, averring that: (1) more than 60 days had passed since the trial court's March 27th order; (2) Appellant's third amended complaint indicated that he was not the Estate's sole beneficiary; and (3) Appellant had failed to secure counsel. Appellant filed a response along with a memorandum of law, arguing that: (1) the trial court improperly relied on **In re Estate of Rowley**, which was

---

[1] It was improper for Appellant to file his March 27, 2018 petition to extend the stay because his appeal before this Court was pending. **See** Pa.R.A.P. 1701(a) (generally, after an appeal is taken, the trial court may no longer proceed further in the matter). Nevertheless, we do not disturb the trial court's March 27, 2018 order, which was issued after the appeal was quashed and jurisdiction remanded to the trial court.

both outdated and distinguishable from this case; and (2) the trial court should have considered *Rellick-Smith v. Rellick*, 147 A.3d 897 (Pa. Super. 2016), which Appellant interpreted to permit *pro se* representation of an estate. Appellant also inferred, without explanation, that he had a First Amendment "right to redress the charges in his Complaint." Appellant's Memorandum of Law in Support of Response in Opposition to Appellees' Motion to Dismiss, 6/19/18, at 6.

On July 13, 2018, the court entered the underlying order granting Appellees' motion to dismiss and dismissing all of Appellant's claims. Appellant filed a timely notice of appeal, and Appellant and the trial court have complied with Pa.R.A.P. 1925. The trial court issued an opinion on October 31, 2018.

Appellant presents five issues for this Court's review:

1. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that the decision in *Estate of* [*Rowley*] when applied to a personal injury matter instead of an Estate matter it violates [sic] . . . Appellant's rights established by the First Amendment of the Constitution?

2. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that the decision in *Rellick-Smith v. Rellick* more accurately addresses the representation of an Estate Administrator in a personal injury matter involving a deceased testator?

3. Did the Trial Court fail to fully analyze, conceptualize and or comprehend the vast difference between a personal injury matter and an inheritance matter[?]

4. Is the appearance of impropriety pertinent in relation to the Court's overzealous assertion of an affirmative defense on behalf

- 4 -

of Appellees only after Appellant identified the insufficiency of Appellees' answer to a complaint?

5. Did the Trial Court fail to exercise an equal level of due diligence in seeking out a precedent that would not restrict Appellant's representation of his mother[?]

Appellant's Brief at 1.

Preliminarily, we note that Appellant's *pro se* brief fails to discuss pertinent legal authority. **See** Pa.R.A.P. 2119(a) (argument section of brief shall present such discussion and citation of authorities as are deemed pertinent); **see also Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa. Super. 2006) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. [Pa.R.A.P. 2101.]"). Although Appellant's five-page argument includes a few citations to legal authority, it does not explain what legal principles are embodied in the citations, or how they apply to this appeal. Furthermore, although Appellant's statement of questions involved raises five issues, the argument section of his brief presents eight issues. **See** Pa.R.A.P. 2119(a) (argument shall be divided into as many parts as there are questions to be argued). We remind Appellant: "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Wilkins**, 903 A.2d at 1284-1285 (citations omitted).

On appeal, Appellant first avers that "the airing of grievances is a constitutional [First Amendment] right" and a "requirement" imposed by the court "without the unfettered access to a means to fulfill said requirement is a contradiction of an individual's constitutional rights." Appellant's Brief at 5. Appellant further asserts that "the subjective requirement that imposed on Appellant to hire counsel [in order to represent the Estate] violates Appellant's *In Forma Pauperis* status." **Id.** at 7. Appellant states that he is "not attempting to invoke a Sixth Amendment right," but is "challenging the Court to provide the Amendment to the Constriction that requires any person to hire an attorney in the course of redressing a civil matter." **Id.**

In rejecting Appellant's claim that his constitutional rights were violated, the trial court noted that Appellant cited "no evidence in support of the argument that [the] Order violated his First Amendment rights." Trial Court Opinion, 10/31/18, at 4. The court also observed that while the Sixth Amendment guarantees legal representation in a criminal matter, that right does not extend to civil law suits. **Id.** at 7.

Upon review, we conclude that Appellant's constitutional claims are waived because they are undeveloped and lack citation to pertinent legal authority. **See** Pa.R.A.P. 2101, 2119(a); **Wilkins**, 903 A.2d 1284. As noted above, Appellant has not cited any authority suggesting that a litigant has a constitutional right to representation by an attorney in a civil matter.

Appellant additionally contends that the trial court erred in finding that

Appellant could only represent the Estate *pro se* if he were the only beneficiary, and reasons, "the number of beneficiaries should have no effect on the ability to proceed." Appellant's Brief at 6. Appellant further claims that because this case is not an inheritance matter, but instead a personal injury case, the trial court erred in relying on **Estate of Rowley**, and should have applied **Rellick-Smith**. **Id.** at 9. Although only marginally developed, we discern the essence of this argument; in addition, Appellant has provided some legal authority. Accordingly, we will address the merits. **See Wilkins**, 903 A.2d at 1284.

Our standard of review of a trial court's dismissal of a complaint is an abuse of discretion. **Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa. Super. 2014) (citation omitted).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

**Id.** (citation omitted).

In **In re Estate of Rowley**, an individual who was the administrator of his late mother-in-law's estate, filed a *pro se* petition in the trial court to vacate a county judicial tax sale of the decedent's property. **In re Estate of Rowley**, 84 A.3d at 339. The trial court dismissed the petition on the basis that the *pro se* son-in-law/administrator was engaging in the unauthorized

- 7 -

practice of law by representing the estate.[2] *Id.*

On appeal, the Pennsylvania Commonwealth Court affirmed.[3] The Court first noted that generally, "non-attorneys may not represent parties before the Pennsylvania courts and most administrative agencies." *In re Estate of Rowley*, 84 A.3d at 340. The Court considered *Harkness v. Unemployment Compensation Board of Review*, 920 A.2d 162 (Pa. 2007), in which our Supreme Court set forth factors for determining whether a person could represent another's interests before an administrative agency:

> whether the proceedings by design are intended to be brief and informal, not intended to be intensely litigated; whether the evidentiary rules apply; the amounts generally at issue in proceedings of that type; whether there is prehearing discovery; whether normally only questions of fact and not complex legal issues are involved; and whether the fact-finder is not required to be a lawyer.

*Id.* at 341 (footnote omitted). The Commonwealth Court also considered two federal decisions which held that a non-attorney could not represent a family member's estate. *Id.*, *citing* *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) (administratrix of an estate "may not proceed *pro se* when the

_____

[2] The trial court first granted the administrator/son-in-law 60 days to retain counsel before dismissing his petition. *In re Estate of Rowley*, 84 A.3d at 339.

[3] While "[t]his Court is not bound by decisions of the Commonwealth Court[,] such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." *Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (citation omitted).

estate has beneficiaries or creditors other than the litigant [as] the action cannot be described as the litigant's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceedings"); **Williams v. USP-Lewisburg**, 2009 WL 4921316 at *2 (M.D. Pa. 2009) ("Like a corporation, an estate can only act through an agent; in this case, and administrator."). The **Rowley** Court concluded: "Given the complex legal issues that may arise during the representation of an estate . . . prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public." **In re Estate of Rowley**, 84 A.3d at 342.

In **Rellick-Smith**, the two defendants gained power of attorney over the affairs of their relative prior to the relative's death. **Rellick-Smith**, 147 A.3d at 899. Five months later, the relative created two certificate of deposit (CD) accounts, in the names of herself, the two defendants, and a third relative (the plaintiff). **Id.** Three years later, unbeknownst to the plaintiff, the defendants acted under their power of attorney and removed the plaintiff's name from the CDs. **Id.** The relative subsequently died — becoming the decedent — and the two defendants withdrew all of the money in the CDs. **Id.** The plaintiff filed a complaint in the Orphans' Court, alleging that she was entitled to one-third of the value of the CDs. **Id.** at 898-899. The Orphans' Court dismissed her complaint, finding that the plaintiff lacked standing to sue, as she had "not pled that she is the personal representative of the

[decedent's] estate, which would allow [her] to request an accounting and audit of the [defendants'] use of [their] authority under the [power of attorney]." *Id.* at 903. On appeal, this Court disagreed and vacated the Orphans' Court order. *Id.* at 904. We held that "the Orphans' Court erred in ruling that only the decedent or her personal representative had standing to challenge the [d]efendants' change of the beneficiary designation under the CDs," and concluded that the plaintiff "had standing to challenge the propriety of the [d]efendants' unilateral action, as agents under the" power of attorney. *Id.*

Instantly, the trial court observed that **Rellick-Smith** did not reverse **Rowley**, and was factually distinguishable. Trial Court Opinion, 10/31/18, at 12-13. The court observed that in **Rellick-Smith**, "the plaintiff had standing to file her suit *pro se* because she was enforcing her own rights as a beneficiary of the trust [and] not enforcing or asserting any rights of the trust or estate itself." *Id.* at 12. Conversely, the trial court determined that Appellant's case is controlled by **In re Estate of Rowley**, where "the Commonwealth Court held that the **estate itself** could not be represented in a lawsuit by a beneficiary *pro se* where other beneficiaries and creditors existed." *Id.* at 12-13 (emphasis in original).

On appeal, Appellant does not address the trial court's discussion of **Rellick-Smith**, and instead presents the same conclusion — without a developed legal argument — that the trial court rejected. Upon review, we

hold that the trial court did not abuse its discretion in applying *In re Estate of Rowley* — even though that case addressed a *pro se* administrator's standing to litigate before a state agency — to preclude Appellant's *pro se* representation of the Estate. *See Coulter*, 94 A.3d at 1086.

Appellant additionally argues that because he has not claimed to be a lawyer, he cannot "be accused of practicing law." Appellant's Brief at 7. The trial court rejected his argument:

> This claim is the exact definition of the unauthorized practice of law. Appellant is attempting to represent the . . . Estate. Appellant is not a licensed attorney. As such, Appellant's attempts to represent the . . . Estate constitute an unauthorized practice of law.

Trial Court Opinion, 10/31/18, at 8. Consonant with *In re Estate of Rowley*, we agree. It is irrelevant whether Appellant held himself out to be a licensed attorney; the dispositive fact is that Appellant, who is not an attorney, filed a complaint on behalf of, and endeavored to represent, the Estate in this litigation. Accordingly, Appellant's claim does not merit relief.

Appellant's final issues concern an alleged deficiency in Appellees' answer to Appellant's amended complaint. Appellant argues that the answer "contain[ed] mere denials of" his complaint's averments, and that Appellees untimely filed a verification by Appellee Dr. Edward. Appellant's Brief at 7-8. The trial court acknowledged that Appellees' answer did not initially include Dr. Edward's verification, but found that where nine physicians were sued, and Appellees subsequently praeciped to attach Dr. Edward's verification to

- 11 -

subsequent filings, "the failure to attach the verification of one doctor out of the nine involved in this matter was *de minimus* in nature." Trial Court Opinion, 10/31/18, at 10 (also noting "Pennsylvania jurisprudence allows a party to correct verification errors."). Although we discern no abuse of discretion in the trial court's determination, we decline to address it further because of our holding that the trial court properly dismissed Appellant's complaint on the basis that he was precluded from representing the Estate *pro se*.

For the reasons stated above, we affirm the order of the trial court. ***See In re Estate of Rowley***, 84 A.3d at 341-342.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19