J-A21020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRENTON D. BISHER, CARLA S. BISHER AND ESTATE OF CORY ALLEN BISHER | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| LEHIGH VALLEY HEALTH NETWORK, INC., LEHIGH VALLEY HOSPITAL, INC., LEHIGH VALLEY ANESTHESIA SERVICES, PC, LVPG PULMONARY AND CRITICAL CARE MEDICINE, DR. BRIAN CIVIC, DR. DOROTHEA WATSON, DR. JENNIFER STROW, DR. BONNIE PATEK, DR. FREDERIC STELZER, EASTERN PENNSYLVANIA GASTROENTEROLOGY AND LIVER SPECIALISTS, PC, AND NORMA D. WILSON, CRNA | : : : : : : : : : : : : : | No. 2743 EDA 2018 |

Appeal from the Order Entered September 5, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2017-C-2434

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

DISSENTING MEMORANDUM BY BOWES, J.:                **FILED JUNE 30, 2020**

I agree with the Majority that the Bishers' actions of filing and litigating a complaint, petitions, and motions in the trial court constituted the unauthorized practice of law under this Court's precedent.[1]  However, I do not

---

[1] The earlier cases addressing the unauthorized practice of law concerned non-parties who sought to represent another person or entity.  ***See***, ***e.g.***, ***Shortz v. Farrell***, 193 A. 20, 24 (Pa. 1937) (providing corporation cannot litigate but

believe that the *pro se* or unverified nature of the complaint that initiated this case rendered it a nullity such that there was no action over which the trial court could exercise jurisdiction. In my view, the case law and the particular circumstances of this case do not warrant quashal, but rather that we remand to allow counsel to file the appropriate pleadings.

First, this Court has held that "a defective verification does not affect the jurisdiction of the court." *George H. Althof, Inc. v. Spartan Inns of Am., Inc.*, 441 A.2d 1236, 1238 n.3 (Pa.Super. 1982). "[A]t a bare minimum, a court confronted by a defective verification should grant leave to amend[.]" *Reilly v. Ernst & Young, LLP*, 929 A.2d 1193, 1201 (Pa.Super. 2007)

_____

through counsel); *Kohlman v. Western Pennsylvania Hospital*, 652 A.2d 849 (Pa.Super. 1994) (holding non-lawyer attorney-in-fact not permitted to represent principal in litigating medical malpractice action). However, in survival and wrongful death actions like the one at issue here, the personal representative of the estate is the actual party-plaintiff. *See Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 258 (Pa.Super. 2017). Therefore, such plaintiffs do not represent third parties by virtue of litigating without counsel, but rather represent themselves in their capacity as the estate representatives. While there has been some suggestion that this distinction might be relevant when the non-lawyer personal representative is the sole beneficiary of the estate, it has additionally been noted that "estates also normally involve third parties and the payment of estate taxes to the Commonwealth." *In re Estate of Rowley*, 84 A.3d 337, 342 (Pa.Cmwlth. 2013). Since we have no information regarding the solvency of Cory Bisher's estate or other indication that the Bishers alone will be impacted by the outcome of this action, I do not disagree with the Majority's conclusion that the Bishers, although the actual plaintiffs by virtue of being co-administrators of their son's estate, may not proceed *pro se* in litigating their survival and wrongful death claims on behalf of the estate and themselves as the wrongful death beneficiaries, respectively.

(internal quotation marks omitted). Further, by failing to object in the trial court to the lack of a proper verification, a party waives the issue on appeal.[2] *See Avery v. Cercone*, 225 A.3d 873, 883 (Pa.Super. 2019).

Since a defective verification does not implicate jurisdiction, there is no basis for this Court to address it *sua sponte*. *See*, *e.g.*, *Wiegand v. Wiegand*, 337 A.2d 256, 257–58 (Pa. 1975) (reversing Superior Court for addressing non-jurisdictional not raised by the parties). Moreover, because no party objected to the lack of a verification, the plaintiffs did not have the opportunity to correct the omission. As its absence does not impact our ability to review the issues raised in this appeal, quashal of this appeal based upon lack of a verification to the complaint is unwarranted.

Second, not all *pro se* filings that are deemed "legal nullities" are treated as having no legal effect whatsoever. Specifically, we have held that an improper *pro se* filing made to protect a right, rather than to pursue a legal strategy, retains its legal effect. *See*, *e.g.*, *S.C.B. v. J.S.B.*, 218 A.3d 905,

_____

[2] The Majority cites *Atlantic Credit & Finance, Inc. v. Giuliana*, 829 A.2d 340, 344 (Pa.Super. 2003), for the proposition that a complaint is void *ab initio* if it is not properly verified. *See* Majority Memorandum at 14-15. However, in that case, we held that a preliminary objection challenging the verification was meritorious, and remanded the case for the trial court to dismiss the complaint **without prejudice for the plaintiff to correct the defect by filing an amended complaint**. *See Atl. Credit & Fin., Inc.*, *supra* at 345. Were the complaint void *ab initio*, there would have been nothing to amend. *See McClean v. Djerassi*, 84 A.3d 1067, 1071 (Pa. Super. 2013) (holding complaint filed against dead person was completely void and could not be amended).

911 n.4 (Pa.Super. 2019) (declining to treat the represented appellant's notice of appeal as a legal nullity); **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016) (same).[3]  More importantly, in prior instances in which the Pennsylvania appellate courts considered *pro se* appeals involving the viability of actions brought *pro se* by non-lawyer personal representatives of estates, we have not quashed such appeals for lack of jurisdiction.  Nor have we held that the *pro se* pleading that commenced the action was void *ab initio*.  Rather, we affirmed the trial court orders that dismissed the pending pleadings **only after having provided the personal representative the opportunity to obtain counsel**.

A Pennsylvania appellate court first addressed the issue in **In re Estate of Rowley**, 84 A.3d 337 (Pa.Cmwlth. 2013).  Therein, our sister Court considered the *pro se* appeal of Miller, the non-lawyer administrator of Rowley's estate, from an order that dismissed his *pro se* petition to vacate a judicial tax sale of property of the estate.  The local tax bureau moved to

---

[3] As I noted above, the Bishers, as co-administrators of their son's estate, are the proper parties to bring the instant survival and wrongful death actions. **See Bouchon v. Citizen Care, Inc.**, 176 A.3d 244, 258 (Pa.Super. 2017). Therefore, this is not an instance where a complaint is wholly without effect for want of a competent legal party. **Cf. McClean v. Djerassi**, 84 A.3d 1067, 1071 (Pa.Super. 2013) ("It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained.  By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent.  A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect." (cleaned up)).

dismiss the petition, contending that Miller's litigation of the petition amounted to the unauthorized practice of law. *Id*. at 339. The trial court held that the estate must be represented by an attorney, and thus entered an order providing that the petition would be dismissed if Miller failed to retain counsel within sixty days. *Id*. Miller filed a *pro se* appeal prior to the expiration of the sixty-day window, challenging the ruling that he could not represent the estate.

The Commonwealth Court, after determining that it had jurisdiction over the collateral order, noted that whether a non-attorney could litigate on behalf of an estate was an issue of first impression in Pennsylvania state court. The Court examined our Supreme Court's precedent concerning what constitutes the practice of law and the policy reasons prohibiting non-lawyers from engaging in it, and it also considered federal court decisions on the issue. Ultimately, the Court held that Miller could not represent the estate, stating: "Given the complex legal issues that may arise during the representation of an estate, . . . prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public[.]" *Id*. at 342.

Of importance to the case *sub judice*, the Commonwealth Court did **not** quash Miller's *pro se* appeal as a nullity, or indicate that the *pro se* petition pending in the trial court was void *ab initio*. Instead, it affirmed the order providing that the *pro se* petition would be dismissed if Miller did not timely

obtain counsel, and remanded the case to the trial court for further proceedings.

This Court had occasion to address the issue in ***Norman v. Temple University Health System***, 208 A.3d 1115 (Pa.Super. 2019). In that case, Norman, the administrator of his mother's estate, filed *pro se* a medical malpractice complaint against various defendants. The action was litigated for months with the parties filing "alternating preliminary objections and amended complaints." ***Id***. at 1117. Citing ***Estate of Rowley***, the trial court ruled that no non-lawyer could represent the estate *pro se*, and stayed the case for sixty days to allow the estate to retain an attorney.[4] After Norman failed to obtain counsel, the trial court granted the defendants' motion to dismiss the *pro se* complaint. Norman filed a *pro se* appeal to this Court, challenging the trial court's determination that he could not litigate the personal injury action *pro se* as the estate administrator.

This Court did not quash the *pro se* appeal or hold that Norman's *pro se* complaint was void *ab initio*. Rather, we extensively discussed ***Estate of Rowley***, approved the trial court's reliance on it, and adopted ***Estate of Rowley***'s prohibition on an estate representative's litigation before an

_____

[4] The order alternatively allowed the administrator to prove that he was the only beneficiary of the estate. However, the defendants noted that one of the amended complaints established that the administrator was not the only beneficiary. ***See Norman v. Temple University Health System***, 208 A.3d 1115, 1117-18 (Pa.Super. 2019).

administrative agency as equally applicable to an administrator's *pro se* efforts in a trial court. ***Norman***, ***supra*** at 1121. Therefore, again citing ***Estate of Rowley***, we affirmed the trial court's order that dismissed the *pro se* complaint **after Norman declined to comply with the trial court's order to obtain counsel**.

In my view, ***Estate of Rowley*** and ***Norman*** suggest that, while a court lacks jurisdiction to determine the merits of any issues in an action commenced by a non-lawyer on behalf of an estate, the pleading that initiated the action is not itself void *ab initio*. Instead, these cases indicate that an action commenced through the unauthorized practice of law is merely voidable. ***See also Kohlman v. Western Pennsylvania Hospital***, 652 A.2d 849 (Pa.Super. 1994) (affirming, in medical malpractice action initiated by non-lawyer attorney-in-fact for plaintiff, the denial of petition to strike judgment of *non pros* litigated by the attorney-in-fact, but remanding for refiling of petition by counsel or the plaintiff *pro se*).[5]

---

[5] I acknowledge that in ***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1056 (Pa.Super. 2017), this Court held that the trial court lacked jurisdiction to consider a *pro se* complaint, and the subsequent counselled complaint did not cure the jurisdictional defect. However, ***Jablonski*** involved a layperson non-party's filing of a complaint on behalf of an LLC, not an estate representative filing a *pro se* complaint. This Court's decision in ***Norman***, which adopted ***Estate of Rowley*** and implicitly approved of the notion that subsequent actions of counsel may validate a *pro se* complaint filed by an estate representative, post-dates ***Jablonski***. Accordingly, I deem ***Norman***, not ***Jablonski***, as the controlling authority on this point.

Furthermore, **Norman** and **Estate of Rowley** are consistent with the notion that before a voidable claim is nullified based upon the unauthorized practice of law, the *pro se* litigant should be advised of the problem and afforded the opportunity to obtain counsel. The Bishers were not so advised until the case was pending in this Court.

Accordingly, I would not quash this appeal.[6] Instead, based upon the case law discussed above, I would hold that the trial court did not have jurisdiction to entertain the merits of the pending action, and, thus, all of its orders concerning the merits of the Bishers' claims are void. I would remand the case for counsel to file an amended complaint within sixty days. If none is filed, I would instruct that the trial court may dismiss the complaint with prejudice. If counsel files an amended complaint, the case should proceed ordinarily therefrom.[7]

---

[6] The Majority properly concludes that this is a timely appeal from a final order. **See** Majority Memorandum at 9-11. As such, neither untimeliness nor lack of finality provides an alternate basis to support the Majority's disposition of quashal. **See Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n.3 (Pa. 2001) (holding quashal was not warranted where the appeal was timely filed from an appealable order).

[7] The Majority suggests that my proposed disposition of this appeal would "reward Carla Bisher for the unauthorized practice of law" and "serve a great prejudice to" the defendants. Majority Memorandum at 14 n.10. First, I reiterate that the reason a non-lawyer estate representative, although the proper party-plaintiff, is not permitted to proceed *pro se* is because her actions impact not only herself, but also the creditors and other beneficiaries of the estate. **See** note 1, *supra*. My disposition is not designed to reward Ms. Bisher, but to correct the prejudice that those others have suffered by her

Therefore, I respectfully dissent.

_____

unauthorized actions.  Second, the Majority's bald assertion of prejudice to the defendants is unsupported by the record.  Further, it is the failure of their attorneys to raise the impropriety of the Bishers' unauthorized practice of law that has allowed the time and effort expended to be wasted.  **Cf. In re Estate of Rowley**, 84 A.3d 337 (Pa.Cmwlth. 2013) (opposing party alerted the court to issue by moving to dismiss *pro se* petition of estate representative).