IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of William Mikell, Jr.,   :
in his capacity as Executor of the   :
Estate of Abdullahi Suleiman   :
  :
Appeal of: William Mikell, Jr. and   : No. 1483 C.D. 2023
Estate of Abdullahi Suleiman   : Submitted: August 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE WALLACE                     FILED: December 9, 2025


William Mikell, Jr. (Mikell), *pro se*, both in his capacity as Executor of the Estate of Abdullahi Suleiman (the Estate)[1] and in his individual capacity, appeals from the October 11, 2023 order of the Court of Common Pleas of Philadelphia County (Common Pleas) dismissing Mikell's appeal of a decision of the City of Philadelphia (City) Tax Review Board (Board), which affirmed the City's cancellation of an owner occupied payment agreement (OOPA) for outstanding real estate taxes on properties Abdullahi Suleiman (Suleiman) owned in the City at the

---

[1] On March 22, 2024, and June 12, 2024, this Court entered orders requiring Mikell to obtain counsel to represent the Estate in its appeal. *See In re Est. of Rowley*, 84 A.3d 337, 341 (Pa. Cmwlth. 2013) ("Given the complex legal issues that may arise during the representing of an estate . . . prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public . . . ."). On August 19, 2024, after Mikell failed to obtain counsel to represent the Estate in its appeal, this Court issued an Order precluding the Estate from filing a brief in support of its appeal. Mikell was not, however, precluded from filing a brief in support of his appeal in his individual capacity.

time of his death in 2017. Common Pleas dismissed Mikell's appeal because Mikell appeared in court without an attorney and attempted to represent the Estate after Common Pleas previously directed Mikell to obtain counsel. Upon review, we vacate and remand.

## I.     Background

Much of the procedural irregularities in this matter stem from the fact the person we now refer to as Suleiman was named William Mikell at birth. When he had a son, he became known as William Mikell, Sr. His son, whom we now refer to as Mikell, was named William Mikell, Jr. at birth. In 1986, William Mikell, Sr. legally changed his name to Abdullahi Suleiman. Thus, since 1986, William Mikell, Jr. has been the only person legally named William Mikell. Over time, Suleiman stopped using the name William Mikell, Sr., and Mikell stopped using "Jr." at the end of his name and was simply known as William Mikell.

The parties do not dispute that Suleiman died in 2017, at which time Suleiman was in the process of negotiating an OOPA with the City for his properties located at 146-148 South 60th Street (the Property). This process continued years after Suleiman's death, with the City's Law Department (Law Department) ultimately proposing a settlement "with Mr. Suleiman to keep him on an [OOPA]" in October 2021. *See* Original Record (O.R.) at 47.[2] The Law Department sent this proposal by e-mail to an attorney who was purportedly representing Suleiman. *Id.* The e-mail specifically indicated "the City would need Mr. Suleiman to sign a settlement release indicating he accepts this payment agreement and forego[es] any right to appeal the OOPA . . . or alter payment terms." *Id.* Shortly thereafter, Mikell responded, through a letter addressed to the Law Department, and indicated he accepted the

---

[2]   Original Record citations are to electronic pagination unless otherwise indicated.

2

settlement terms. *Id.* at 49. Mikell signed the letter as "William Mikell," and did not indicate in any way that he was not Suleiman, or that Suleiman was no longer living. *Id.*

On December 2, 2021, The City's Department of Revenue (Revenue) sent a letter to the Property advising that the OOPA "entered into by the owner of record, Abdullahi Suleiman F/N/A William Mikell, has been cancelled effective December 2, 2021." O.R. at 52. The letter explained the City received information "confirming Abdullahi Suleiman F/N/A William Mikell, passed away on December 12, 2017[,] therefore the agreement he entered is no longer valid." *Id.* This letter also informed Mikell of his right to appeal to the Law Department. *Id.* at 53.

On December 17, 2021, Mikell appealed Revenue's cancellation of Suleiman's OOPA to the Law Department. O.R. at 43-46. On December 22, 2021, the Law Department denied Mikell's appeal. *Id.* at 110. In its denial, addressed to Mikell and Mikell's brother, the Law Department noted it had been "negotiating with your attorney with the understanding that your father was alive and living in the property." *Id.* The denial further explained "[b]ecause no one is living [in] the property and the original agreement holder is deceased, the Law Department denies your appeal." *Id.* at 111. The Law Department also advised Mikell and his brother of their right to appeal to the Board.

On January 18, 2022, Mikell appealed to the Board. O.R. at 125-26. After conducting a hearing on Mikell's appeal, the Board concluded "the parties do not dispute that Mr. Mikell Sr. is no longer living. Therefore, the [OOPA] between Mr. Mikell, Sr. and the City is void and the Board cannot enforce it[,] nor can it order the City to reinstate the terms." *Id.* at 66. Accordingly, the Board denied Mikell's appeal. *Id.*

Mikell appealed the Board's decision to Common Pleas. Common Pleas captioned Mikell's appeal as "In re: appeal of William Mikell." *See* O.R. at 144. On May 19, 2023, Mikell filed a handwritten "Miscellaneous Motion to Amend Parties" (the Motion). *Id.* at 13. In the Motion, Mikell listed the "Plaintiff" as "The Estate of Abdullahi Suleiman a.k.a. William G. Mikell Sr.[,] Willie G. Mikell Jr. a.k.a. William G. Mikell Jr." *Id.* Mikell also indicated "I will [sic] like to [a]mend the caption of the plaintiff to include "the Estate of Abdullahi Suleiman a.k.a. William G. Mikell Sr., Willie G. Mikell Jr. aka William G. Mikell." *Id.*

Common Pleas entered an order on June 14, 2023, granting the Motion, providing "the identity of the Appellant shall be **AMENDED** to 'William Mikell, Jr., in his capacity as Executor of the Estate of Abdullahi Suleiman.'" *Id.* at 144. Common Pleas's June 14, 2023 order also included one footnote, which stated:

> Although the Court is granting the [M]otion, the Court notes that an estate may only appear in court through an attorney. The failure of Mr. Mikell to obtain counsel to represent the estate may result in the Court dismissing this appeal, either *sua sponte* or upon a motion filed by the City of Philadelphia. *See In re Estate of Rowley*, 84 A.3d 337 (Pa. [Cmwlth.] 2013).

*Id.* Thereafter, on October 11, 2023, Common Pleas held a hearing on Mikell's appeal. Mikell appeared, albeit late, and the following exchange occurred:

> **THE COURT:** So, Mr. Mikell, before you appeared here, I want to just -- I'm just going to go through exactly what I did before you appeared here.
> I noted that on June 14th of 2023, I entered an order in this matter and I amended the caption of the case to read that the plaintiff should be William Mikell, Jr., in his capacity as executor of the Estate of Abdullahi Suleiman. And in that order, in a footnote at the bottom of the order, I stated that the failure of Mr. Mikell to obtain counsel to represent the estate may result in the court dismissing this appeal, either sua sponte or upon a motion filed by the City of Philadelphia.
> Do you have an attorney?

4

**MR. MIKELL**: No, I don't.

**THE COURT:** So, Mr. Mikell, the case I cited in that order, [*In re Estate of Rowley*], 83 A.3d 337, is binding on me. And what it says is that an individual cannot represent an estate. Only an attorney can represent an estate. And everything that the individual does is a nullity. That means any action that you take as a non[-]attorney on behalf of the estate doesn't count.

So we are here today. I issued that order months ago and you haven't obtained an attorney, so you cannot proceed on behalf of an estate. I can't make an exception. In a sense, it's the unauthorized practice of law. You can't act as an attorney for an estate. So I have no choice but to dismiss the appeal. Okay?

**MR. MIKELL:** Okay.

**THE COURT:** Thank you.

Supplemental O.R. at 2.

Mikell appealed Common Pleas' decision to this Court. In its Opinion in Support of Order, which Common Pleas filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), Common Pleas opined it "initially took a flexible approach in the June 14, 2023 Order, providing Mr. Mikell with time to obtain an attorney." Common Pleas Op., 2/9/24, at 3. However, when Mikell "failed to do so over the next 4 months," Common Pleas dismissed Mikell's appeal. *Id.*

## II.    Issues

Mikell alleges the Board erred in affirming the City's cancellation of its OOPA with Suleiman for the Property. In essence, Mikell asserts the City agreed to enter an OOPA with Suleiman before his death, and that Mikell, as the executor of the Estate, had the right to enter into the OOPA and continue to make payments

5

under the OOPA.[3]  With respect to Common Pleas' dismissal of Suleiman's appeal for failure to obtain counsel for the Estate, Mikell presents two arguments.  First, Mikell argues Common Pleas erred in removing Mikell as a party from this case because Mikell was seeking to add the Estate as an additional party, not substitute the Estate for himself.  Second, Mikell argues he had counsel who simply did not show up for Common Pleas' hearing and Common Pleas erred by not allowing him to explain the situation or seek additional time.

### III.    Analysis

While Common Pleas prevented Mikell from presenting any information at its hearing, the record reflects that Common Pleas' hearing was designated as oral argument, meaning Common Pleas was intending to make a decision on the merits of Mikell's appeal based upon the record before the Board.  *See* O.R., Item No. 8. In reviewing agency decisions where a trial court takes no additional evidence, we review the agency's decision to determine whether the agency violated a party's constitutional rights, committed an error of law, or violated agency practices and procedures, or whether substantial evidence supports the agency's findings of fact. 2 Pa.C.S. § 754.

Although we substantively review the Board's decision when Common Pleas does not accept new evidence, Common Pleas did not issue a determination on the merits here.  Instead, Common Pleas dismissed Mikell's appeal for failure to obtain counsel to represent the Estate.  Therefore, our review is limited to determining whether Common Pleas properly dismissed Mikell's appeal.  *See Appeal of Nathan*

---

[3]  Mikell's brief, which was over 70 pages, exceeded the word and page limits set forth in Pennsylvania Rule of Appellate Procedure 2135, Pa.R.A.P. 2135, and included numerous repetitive and interspersed arguments.  Due to our disposition, however, we need not attempt to parse out each of those arguments.

*Lerner* (Pa. Cmwlth., No. 515 C.D. 2013, filed April 7, 2014)[4] (where Common Pleas dismissed a taxpayer's appeal because the taxpayer failed to meet Common Pleas' deadlines, the only issue this Court could address on appeal was the propriety of Common Pleas' dismissal of the taxpayer's appeal).

Mikell first argues Common Pleas erred in removing Mikell as a party from this case. We agree. In viewing the Motion, Mikell included himself separately from the Estate in the caption. In addition, Mikell specifically requested Common Pleas amend the parties "to include" the Estate. Thus, Mikell was asking Common Pleas to add the Estate as a party to his appeal, not to substitute the Estate as the only party in his appeal, and Common Pleas erred in removing Mikell as a party. Had Common Pleas not committed this error, Mikell would have been permitted to represent himself before Common Pleas, as there is no prohibition against individuals representing themselves in court proceedings.

Mikell's second argument is that he had counsel to represent the Estate, but counsel simply did not show up for Common Pleas' hearing, and Common Pleas erred by not permitting Mikell to offer this explanation. Again, we agree. In the case of *In re Estate of Rowley*, which Common Pleas cited in dismissing Mikell's appeal, an estate administrator attempted to represent an estate before a trial court by filing a petition to vacate a judicial tax sale (Petition). *Rowley*, 84 A.3d at 339. Arguing the administrator was engaged in the unauthorized practice of law, the respondent filed a motion to dismiss the administrator's Petition. *Id.* The trial court granted the motion to dismiss but provided in its order "that the Petition would be

---

[4] We may cite unreported memorandum opinions of this Court issued on or after January 15, 2008, for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

dismissed only if [the administrator] failed to retain counsel within 60 days." *Id.*
This Court affirmed the trial court's order, noting:

> Given the complex legal issues that may arise during the representation of an estate, such as challenging a judicial sale, prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public, and we agree with the trial court that, regardless of his relationship to the decedent, [Administrator] may not represent the [e]state.

*Rowley*, 84 A.3d at 342.

While Common Pleas cited *Rowley* for the conclusion that courts cannot permit non-attorneys to represent an estate in court proceedings, Common Pleas failed to examine *Rowley* to determine the steps a trial court must take when faced with a non-attorney attempting to represent an estate. In *Rowley*, the trial court's order informed the administrator of three critical items. First, the administrator needed to obtain counsel to represent the estate. Second, the administrator was given a fixed period to obtain counsel. Finally, the administrator was informed of a definitive outcome should he fail to obtain counsel to represent the estate within the allotted time period.[5]

Here, Common Pleas' order did not provide a fixed period for Mikell to obtain counsel. Nor did Common Pleas' order inform Mikell his case would, definitively, be dismissed if he failed to obtain counsel. Instead, Common Pleas' order stated Mikell's failure "to obtain counsel to represent the estate **may** result in [Common Pleas] dismissing this appeal." Informing a party a result *may* occur if they do not take a certain action is ambiguous and insufficient to inform the party the result *will*

---

[5] While the trial court in *Rowley* acted through a conditional dismissal, other procedures could also suffice, such as issuing a rule to show cause.

occur.  *See D.C. v. Dep't of Hum. Servs.*, 150 A.3d 558, 567-69 (Pa. Cmwlth. 2016).

Accordingly, we conclude Common Pleas erred in dismissing Mikell's appeal.

### IV.    Conclusion

For the reasons set forth above, we vacate Common Pleas October 11, 2023 order and remand this matter to Common Pleas for further proceedings.  On remand, Common Pleas shall amend its caption to include both Mikell in his individual capacity and Mikell in his capacity as executor of the Estate.  Common Pleas shall then follow the requirements set forth above in ordering Mikell to obtain counsel for the Estate.  Thereafter, Common Pleas shall proceed to consider the merits of Mikell's appeal in his individual capacity, as well as in his capacity as executor of the Estate – assuming Mikell complies with Common Pleas' directives regarding obtaining counsel for the Estate.

In addition, we deny the Motion to Intervene, which Mikell's three brothers (Ammon Mikell, Akhenaton Mikell, and Kevin Mikell) filed on October 30, 2025, well after the parties filed their briefs and this matter was submitted for disposition.[6]  Furthermore, the City filed an Application for Relief on November 19, 2025, which is moot given this Court's denial of the Motion to Intervene.

_____
STACY WALLACE, Judge

---

[6]  This does not preclude Mikell's brothers from seeking to intervene before Common Pleas on remand.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of William Mikell, Jr., :
in his capacity as Executor of the :
Estate of Abdullahi Suleiman :
:
Appeal of: William Mikell, Jr. and : No. 1483 C.D. 2023
Estate of Abdullahi Suleiman :

# **O R D E R**

AND NOW, this 9th day of December 2025, Ammon Mikell's, Akhenaton Mikell's, and Kevin Mikell's Motion to Intervene in this appeal is **DENIED**, the October 11, 2023 order of the Court of Common Pleas of Philadelphia County (Common Pleas) is **VACATED**, and this matter is **REMANDED** to Common Pleas for further proceedings consistent with the foregoing opinion. The November 19, 2025 Application for Relief filed by the City of Philadelphia is **DISMISSED** as moot. Jurisdiction relinquished.

_____
STACY WALLACE, Judge