J-A15033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KIMBERLEA WILLHIDE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY WILLHIDE | : | |
| | : | |
| Appellant | : | No. 9 MDA 2026 |

Appeal from the Order Entered December 8, 2025
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2020-05704

BEFORE:   KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              **FILED: MAY 22, 2026**

Timothy Willhide (Father) appeals *pro se* from the custody order entered in the Court of Common Pleas of Cumberland County on December 8, 2025,[1] regarding A.L.W. (born 2014), who is the child of Father and Kimberlea Willhide (Mother).  We dismiss the appeal due to Father's failure to comply with the Rules of Appellate Procedure, which violations have meaningfully impeded our review of this appeal.

Briefly, Father timely appealed the custody order[2] relating to A.L.W. on December 29, 2025, and he contemporaneously filed his concise statement

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated December 4, 2025, but was entered on the docket pursuant to Pennsylvania Rule of Civil Procedure 236 on December 8, 2025.

[2] The order granted Mother sole legal custody and primary physical custody of A.L.W. and granted Father partial physical custody of the child.

pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i).  In his brief filed in this Court, Father's statement of questions involved, **see** Pa.R.A.P. 2116, purports to present seven unnumbered issues, with multiple sub-issues for our review.  **See** Appellant's Brief at 1-3 (unpaginated).  Within the argument portion of his brief, Father purports to raise issues under ten different headings.  **See id.** at 4-5 (unpaginated).

After our review, we are unable to address the merits of any of the issues presented in Father's brief because of the substantial defects and violations of the Rules of Appellate Procedure that have materially impeded our merits review—especially with regard to Pennsylvania Rule of Appellate Procedure 2119.  **See Noon v. Martin**, 2025 WL 3564214, at *5 (Pa. Super., filed Dec. 12, 2025) (dismissing appeals from custody order based on appellant's material violations of Pa.R.A.P. 2119; unpublished memorandum decision cited for persuasive authority pursuant to Pa.R.A.P. 126(b)); **see also Thurston v. Watson**, 2025 WL 369839, at *4-*7 (Pa. Super., filed Feb. 3, 2025) (same); **see also Boltersdorf v. Boltersdorf**, 2022 WL 17884060, at *5-*6 (Pa. Super., filed Dec. 23, 2022) (same).

Specifically, Father materially fails to comply with Pennsylvania Rule of Appellate Procedure 2119 insofar as the argument portion of his brief, **see** Appellant's Brief at 4-5 (unpaginated), reads as a list rather than as reasoned argument, makes neither any citation to the record nor to any case law, and

it only cites, in a few instances, indirectly to 23 Pa.C.S. §§ 5323 and 5328.[3]
*See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (Appellate Courts "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citation omitted); *see also C.H.L. v. W.D.L.*, 214 A.3d 1272, 1277-78 (Pa. Super. 2019) ("It is not the duty of this Court to act as appellant's counsel, and we decline to do so. We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived.") (citations and quotation marks omitted); *see also* Pa.R.A.P. 2119(a) ("**The argument shall be divided into as many parts as there are questions to be argued**; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent**.") (emphasis added); *see also* Pa.R.A.P. 2101 (stating that "**if the defects are in the brief** or reproduced record of the appellant **and are substantial, the appeal or other matter may be** quashed or **dismissed**") (emphasis added). Moreover, although Father is a *pro se* party, he must adhere to the procedural rules. *See Norman for Estate of Shearlds v.*

_____

[3] Father's reply brief does not correct these material deficiencies, which were first correctly identified by Mother's appellee's brief.

***Temple Univ. Health Sys.***, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.") (citation and quotation marks omitted); ***see also Hoover v. Davila***, 862 A.2d 591, 595-96 (Pa. Super. 2004) ("A *pro se* litigant is not absolved from complying with procedural rules."). Accordingly, we dismiss Father's appeal in its entirety where the substantial defects in Father's brief have materially hampered our substantive review of the merits of his claims.[4]

We direct the prothonotary to strike this appeal from the June 24, 2026 argument list.

Appeal dismissed. Case stricken from the argument list. Appellee's application for continuance of oral argument denied as moot.

---

[4] Even if this Court reached the merits of the appeal, we would affirm because we agree with the reasoning of the trial court in its well-written and comprehensive opinion, dated December 4, 2025, and we discern no abuse of discretion or error of law.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/22/2026