J-A02033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARC VALENTINE AND JOANNE VALENTINE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 45 WDA 2020 |
| WALDAMEER PARK AND WATER WORLD, AND WALDAMEER PARK, INC., T/D/B/A WALDAMEER PARK AND WATER WORLD, AND WALDAMEER PARK, INC. AND PAUL T. NELSON | : : : : : | |

Appeal from the Order Entered December 9, 2019
In the Court of Common Pleas of Erie County Civil Division at No(s):
12135-2018

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 8, 2021**

Marc[1] and Joanne Valentine (individually, "Marc" and "Joanne," collectively, "Valentines") appeal from the order granting summary judgment against them. The Valentines argue the court should not have entered summary judgment because Appellees – Waldameer Park and Water World, and Waldameer Park Inc., t/d/b/a Waldameer Park and Water World, and

---

[1] Appellants' brief in places confusingly identifies Marc Valentine as "Anthony Marc Valentine," but in others gives his name as "Marc Valentine." **Compare**, **e.g.**, Appellants' Br. at 1 **with id.** at 4. However, all documents in the trial court, including the Complaint and order appealed from, state Appellant's name as "Marc Valentine." **See** Complaint, ¶ 5 (giving his name as "Marc T. Valentine"). We will use the same name as the trial court documents.

Waldameer Park, Inc. and Paul T. Nelson (collectively, "Waldameer Park") – owed a duty to the Valentines, and because there were genuine issues of fact about whether Waldameer Park breached that duty. We affirm.

According to the Valentines' Complaint, in August 2016, Marc sustained injuries when he attempted to board an inner tube on a Lazy River amusement ride at Waldameer Park. The Complaint alleges that Waldameer Park's employees "negligently failed to assist and/or help" him get on the inner tube, and negligently "failed to observe" him while he attempted to do so. Complaint at ¶¶ 21-22. As the alleged result of the negligence, Marc's inner tube flipped "in a backward falling motion," resulting in Marc falling backwards and "causing [his] skull, neck, and lower body to strike the concrete base of the Lazy River. . . ." *Id.* at ¶¶ 23-24.

The Complaint contained two counts – a negligence count and a loss of consortium count. The negligence count included allegations that the Valentines were "business invitees of [Waldameer Park] paid to enter onto [Waldameer Park's] property being assured of a safe and well-maintained and supervised recreational area[]"; Waldameer Park had a duty to ensure the services operated in a safe manner; Waldameer Park breached that duty "by failing to instruct[,] supervise[,] and monitor [its] employees in assistance of entering the Lazy River amusement ride in a safe and proper manner knowing the inherent dangers that existed"; and the breach caused injury. Complaint at ¶¶ 49-54.

Marc testified at his deposition that he had gotten on inner tubes for similar rides in the past. N.T., May 13, 2019, at 34. He testified that while waiting in the line for the Endless River attraction at Waldameer Park, he saw two lifeguards help people by stopping and stabilizing inner tubes. *Id.* at 32. He stated "they weren't grabbing people, placing them on inner tubes. But they were helping stabilize the inner tube." *Id.* Valentine testified that he fell over with his first attempt to board the tube. *Id.* at 52. He stated he then asked for help, but the lifeguards laughed. *Id.* at 51. With his next attempt he "over-engineered it," his foot gave out, he flipped backward, and hit his head on the pool bottom. *Id.* at 53-56. He "got sick to [his] stomach" and did not feel "right," but he was "stable" and did not tell the lifeguards or any Waldameer Park employees that he had hit his head. *Id.* at 55-57, 77. At her deposition, Joanne testified she saw the lifeguards pushing tubes toward people waiting in line, but did not see them assisting people onto tubes. N.T., May 13, 2019, at 21-22. She and Marc had to get the tubes for their family. *Id.* at 21. She agreed that when Marc fell off the inner tube, he popped right back up. *Id.* at 33.

After discovery, Waldameer Park filed a motion for summary judgment, claiming that under the "no-duty" rule, it did not owe the Valentines a duty because the alleged risks at issue were common, inherent, expected, or frequent risks. Motion for Summary Judgment, filed Aug. 30, 2019, at 11; *see* Trial Court Opinion, filed 12/10/19, at 1-2. It further argued "[the Valentines] failed to set forth statutory or case law imposing a duty of care on [Waldameer

Park's] employees" and they did not satisfy an exception to the no-duty rule because they cannot prove the employees deviated from an established custom or duty. Trial Ct. Op. at 2; Summary Judgment Motion at 11. Waldameer Park also asserted that the Valentines' Complaint did not contain sufficient allegations to state a claim for premises liability, and argued that they had not presented sufficient evidence of such a cause of action. Summary Judgment Motion at 11.

Following a hearing, the trial court granted Waldameer Park's Motion for Summary Judgment and dismissed the Valentines' claims against Waldameer Park with prejudice. The Valentines filed this timely appeal. They raise the following issues:

> A. Did the Trial Court err as a matter of law and fact, abuse its discretion in holding that [Waldameer Park] was not under a duty to [the Valentines] based on the facts that the certified life guards breached a duty by not paying attention to [Marc] who was in distress in the water.
>
> B. Did the Trial Court err as a matter of law and fact, abuse its discretion and was arbitrary and capricious by holding that [the Valentines] in addition to statement A that this case presented numerous factual issues that would have to be determined by a jury of [the Valentines'] peers including the application of comparative negligence.
>
> C. Did the Trial Court err as a matter of law and fact and abused its discretion in ignoring state regulations regarding the employment of life guards and thus there was a statutory duty created which the Judge totally ignored by the aforementioned statu[t]e.
>
> D. Did the Trial Court err as a matter of law and fact, abuse its discretion in failing to review the record as to numerous facts that would have precluded the entrance of a Summary

Judgment including finding RR502-RR515[2] which is in essence to the proceedings based on the numerous facts before her and the aforementioned issue was not addressed in the Motion for Summary Judgment which is waived.

E. Did the Trial Court err as a matter of law and fact, abuse its discretion in finding that [the Valentines] waived the Comparative Negligent Act and the ASTM Committee F787-15 as [the Valentines] supplied sufficient evidence and that the Court is required to acknowledge any negligent action that the Comparative Negligent Act is the law of the case.

F. Did the Trial Court err in there finding that the Complaint did not state a cause of action and then was an abuse of discretion when there was substantial evidence that should be submitted to the jury and that the determination and the Court[']s finding under Pa. R.C.P. [R]ule 1019.

G. Did the Trial Court err as a matter of law and fact, abuse its discretion as the pleadings included New Matter and Reply to New Matter are sufficient pleadings.

H. Did the Trial Court err as a matter of law and fact, abuse its discretion that there was no duty to [the Valentines] and failed to note that 7 Pa. Code § 13976 RR498-RR499 (attendants to).

I. Did the Trial Court commit an error when the Court found a factual issue whether [Waldameer Park has] a statutory imposed duty for life guards and whether the employees deviated from the custom RR506-RR507.

Valentine's Br. at 2-4 (suggested answers omitted).

We are unable to address the Valentines' appellate issues because of the substantial hindrances posed by their violations of the Pennsylvania Rules of Appellate Procedure. Their most disabling violation is of Rule 2119, which provides that the argument section of an appellate brief "shall be divided into

---

[2] Reproduced Record 502 to 515 includes the trial court's opinion addressing the summary judgment motion, the order granting the motion, and a portion of the transcript from the hearing.

as many parts as there are questions to be argued," and requires each section to have a "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). The failure to follow these instructions constitutes waiver. *See Davis v. Borough of Montrose*, 194 A.3d 597, 610-11 (Pa.Super. 2018). *See also Norman for Estate of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1119 (Pa.Super. 2019) (holding claims waived "because they are undeveloped and lack citation to pertinent legal authority"); *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1264 (Pa.Super. 2017) (finding issue waived where the appellant's "argument consists of one paragraph with no citation to authority or developed analysis").

Here, the Valentines' Statement of Questions Involved lists the above nine questions. The Argument section, however, is not divided into nine sections that correlate with the questions presented. Instead, the Valentines present a single, omnibus argument apparently intended to address all nine questions. However, their arguments are insufficiently developed. The only legal citations they offer are for general propositions of the law of summary judgment, save one that seems intended to have something to do with duty of care. *See* Appellants' Br. at 9, 10. However, even that single reference is oblique as the Valentines do not make clear the relevance of the case cited to the argument they are making.

Their brief also cites long portions of the reproduced record in support of a statement, without pinpointing the part of the cited section that supports the statement. In one example, the Valentines state that "there is a factual

- 6 -

issue regarding the negligence of the lifeguards as testified to by" the Valentines, and they cite Reproduced Record pages 154-181 and pages 231-247. Valentines' Br. at 10. Those pages contain the entirety of Marc's and Joanne's deposition testimony. The copies of the deposition transcripts in the Reproduced Record are in condensed format, such that there are four pages of deposition testimony to each page of the Reproduced Record. The upshot is that the cited portions amount to approximately 173 pages of testimony, and the Valentines' brief in no way identifies the statements in the depositions that the Valentines contend create a "factual issue regarding the negligence."

To the limited extent we can discern the Valentines' issues—that the court erred in finding no duty existed, the evidence supported a premises liability claim, and there were genuine issues of material fact regarding the lifeguards' conduct and the pool floor—we conclude they are meritless. After a review of the briefs, relevant law, trial court record, and the Honorable Stephanie Domitrivich's trial court opinion, we affirm on the basis of the trial court opinion. *See* Trial Court Opinion, filed 12/10/19, at 2-9.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/8/2021