J-S28028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMRO ELANSARI | : | |
| | : | No. 163 MDA 2022 |
| Appellant | : | |

Appeal from the Order Entered December 23, 2021
In the Court of Common Pleas of Centre County Civil Division at No(s):
2015-0900

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 07, 2022**

Amro Elansari appeals *pro se* from the order denying his motion to vacate judgment. Elansari challenges a 2015 injunction excluding him from the premises of the Pennsylvania State University's School of Law ("Law School"). We affirm.

The underlying facts and procedural history of the instant matter was aptly set forth by the trial court:

> [O]n January 27, 201[5], [the Law School] issued an Administrative Directive instructing [Elansari] to have no contact with a particular female student. The Administrative Directive informed [Elansari] that violation of the directive would be considered a violation of the Student Code of Conduct and would subject him to disciplinary action. Despite the directive, [Elansari]

contacted the female student on January 31, 2015.[1] On February 3, 2015, [the Law School] informed [Elansari] that the [L]aw [S]chool's Honor Code Board was reviewing his conduct. That same day, a Notice of Exclusion was issued, notifying [Elansari] he was not permitted on the [L]aw [S]chool premises until further notice. The notice further advised [Elansari] that entering the premises could result in his arrest for trespass. On February 11, 2015, at [Elansari's] request, the Honor Code Board held a hearing. Following the hearing, the Honor Code Board determined [Elansari] knowingly violated the Administrative Directive by contacting the female student and therefore violated the Honor Code. As a result, the Honor Code Board sanctioned [Elansari] by suspending him from the [L]aw [S]chool for two (2) years, or until the academic semester commencing January 2017. [Elansari] appealed.

On February 22, 2015, Interim Dean James W. Houck issued the Final Adjudication of Honor Board Appeal, which affirmed the decision and sanctions imposed by the Honor Code Board. On February 26, 2015, despite the Administrative Directive and the Notice of Exclusion, [Elansari] went to the [L]aw [S]chool and entered a classroom where the female student was. [Elansari] refused to leave the premises and had to be escorted out of the building by police. Approximately thirty (30) minutes later, [Elansari] returned to the building and again refused to leave. After discussion with [L]aw [S]chool administration, [Elansari] agreed to leave the premises. However, [Elansari] stated he had no intention of abiding by the suspension and sanctions issued by the Honor Code Board and planned to return to the law school premises the following Monday to attend class. As a result of [Elansari's] disruptive and threatening behavior, [the Law School] commenced the [instant] matter.

On February 27, 2015, the [trial court] granted the [Law School's] Emergency Petition for Ex-Parte Preliminary Injunction and issued an Order enjoining [Elansari] from, among other things, entering the premises of the [L]aw [S]chool. On March 2, 2015, the [trial court] amended the Order to authorize local law enforcement to use any power vested in them to ensure [Elansari's] full compliance with the Order. A hearing was held on

---

[1] The contact referred to is Elansari's Facebook post to the female student wishing her a "happy birthday" and attaching a music video, which he allegedly authored entitled "Can't Get Enough (of You)."

March 6, 2015, at which time both parties appeared and presented their respective cases. Following said hearing, the [trial court] granted the [Law School's] Petition and entered an Order excluding [Elansari] from the premises of the [L]aw [S]chool. On March 23, 2015, [the trial court] issued an Amended Order setting forth specific parameters of the permanent injunction ["2015 Permanent Injunction"]. [Elansari] did not appeal the March 23, 2015 Amended Order. On October 13, 2017, approximately two (2) years later, [Elansari] filed a Motion to Vacate Judgment which was denied by [the trial court] on December 11, 2017. [Elansari] filed a Notice of Appeal on December 22, 2017. However, [Elansari's] appeal was quashed by the Pennsylvania Superior Court on May 2, 2018 due to his failure to file a brief.

On September 10, 2021, approximately six (6) years after the entry of the Amended Order, [Elansari] filed the following items: ( 1) a Second Motion to Vacate Judgment; (2) a Third Party Complaint purporting to join individual additional defendants; and (3) an Answer with New Matter and Counterclaim to the [Law School's] Complaint in Equity. All three documents were filed as a single entry identified as "Plaintiffs Second Motion to Vacate Judgment." On September 30, 2021, the [Law School] filed a Motion to Strike [Elansari's] Third Party Complaint and Answer with New Matter and Counterclaim to [Elansari's] Complaint in Equity as untimely. A hearing on the [Law School's] Motion was held on December 7, 2021. Pursuant to this Court's Opinion and Order, filed December 22, 2021, [Elansari's] Motion to Vacate Judgment was denied and the [Law School's] Motion to Strike was granted.

Tr. Ct. Op., 1/13/22, at 1-3.

On January 6, 2022, Elansari filed a petition for reconsideration, motions to vacate and expedite, and an application for *nunc pro tunc* relief. The trial court denied each of Elansari's filings in an opinion and order dated January 13, 2022. The instant appeal followed and both the court and Elansari complied with Pa.R.A.P. 1925.

Elansari raises the following issues:

1. Is the refusal to vacate the injunction resulting in the instant matter an error of law for failure to conform to the principles of equity under Pennsylvania law?

2. Is the suspension of [Elansari] from law school at Penn State Law for over seven years inequitable and unlawful?

Elansari's Br. at 5.

In his first issue, Elansari argues that the trial court erred by declining to dissolve the 2015 Permanent Injunction against him. To that end, Elansari presents a circuitous argument with little citation to legal authority. From what we can discern, Elansari attempts to challenge the underlying merits of the 2015 Permanent Injunction. He seems to allege that the female student at issue had "unclean hands" because she invited him to wish her a happy birthday via an automated Facebook notification. Further, in apparent reference to his past arrest/cannabis use, he seems to allude to the changing landscape of cannabis legislation in Pennsylvania.

Our standard of review of an order granting or denying a permanent injunction is *de novo* and our scope of review is plenary. ***Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Univ. Practical Knowledge***, 102 A.3d 501, 506 (Pa.Super. 2014). "[W]e must accept the trial court's factual findings and give them the weight of a jury verdict where they are supported by competent evidence." ***Id***. (citation omitted).

"To be entitled to a permanent injunction, a party must establish a clear right to relief, and must have no adequate remedy at law, *i.e.*, damages will not compensate for the injury." ***Id***. at 505-06 (citing ***J.C. Ehrlich Co. v.***

***Martin***, 979 A.2d 862, 864 (Pa.Super. 2009). "Unlike a preliminary injunction, a permanent injunction does not require proof of immediate irreparable harm." ***Id***.

Pennsylvania Rule of Civil Procedure 1531(c) permits any party to move for the dissolution of an injunction. ***See*** Pa.R.C.P. 1531(c). However, injunctions may only be vacated "**where the situation and circumstances of the parties or the law are shown to have so changed as to make it just and equitable to do so**." ***Soja v. Factoryville Sportsmen's Club***, 610 A.2d 491, 493 (Pa.Super. 1992) (emphasis added, citation omitted).

In this case, Elansari has failed to show any change of circumstances or change in the law warranting the dissolution of the 2015 Permanent Injunction. ***See id.*** The trial court points out that Elansari's lone argument regarding a change in circumstances or the law concerns cannabis legislation in Pennsylvania and is of no moment. This is because, as the trial court already concluded in Elansari's previous bid to vacate the 2015 Permanent Injunction, there is no connection between cannabis legislation and Elansari's failure to cease contact with the female student. We discern no error in the trial court's determination.[2] Elansari's first issue lacks merit.

_____

[2] Elansari attempts to present an argument regarding "a change of circumstance" in a "Motion for Extraordinary Relief" filed with this Court, on October 27, 2022, well after he commenced this appeal. He argues that his suspension should now be considered expired and the Law School is erroneously failing to conduct a hearing about the same. However, this argument is premature, and this Court will not consider it because, among

*(Footnote Continued Next Page)*

In his second issue, Elansari appears to claim that the Law School's underlying decision to suspend him was erroneous. However, he fails to properly develop a legally cognizable argument and provides not a single citation to legal authority. Accordingly, Elansari's second issue is waived as undeveloped. *See* Pa.R.A.P. 2101 (stating that if the defects an appellate brief are "substantial," the court may "quash or dismiss" the appeal); ***Norman for Estate of Shearlds v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1119 (Pa.Super. 2019).[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2022

---

other things, Elansari failed to present it to the trial court. ***See*** Pa.R.A.P. 302(a) (issues may not be raised for the first time on appeal).

[3] We recognize Elansari's *pro se* status. However, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007) (citations omitted).