J-A14039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUST FOR TRUMAN 2016 SC6 TITLE TRUST | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| THELMA COVER | : : | No. 1698 MDA 2021 |
| Appellant | : | |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2021-00058

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: JUNE 1, 2022**

Appellant Thelma Cover appeals *pro se* from the Order entered in the Court of Common Pleas of Franklin County on September 3, 2021, granting the motion for summary judgment of Appellee U.S. Bank, National Association as Legal Title Trust for Truman 2016 SC6 Title Trust.  Following our review, we dismiss this appeal.

As a result of numerous *pro se* filings, several matters involving the instant parties and/or other plaintiffs have been brought in both the court of common pleas and in the federal district court and have been appealed to both this Court and the Commonwealth Court.

---

[*] Former Justice specially assigned to the Superior Court.

The instant matter arose as a civil action in ejectment following the sheriff sale of property located at 4987 Guitner Road, Chambersburg, Pennsylvania on July 10, 2020.  On January 11, 2021, Appellee filed a Complaint in Ejectment in an effort to evict Appellant and any other occupants from the Guitner Road property, and Appellant was personally served the following day.  On January 28, 2021, Appellant filed a "Declaration Under Penalty of Perjury for Centers for Disease Control and Prevention's Temporary Halt in Evictions to Prevent Further Spread of COVID-19" wherein she sought to stay the eviction action.  On March 9, 2021, the trial court entered an Order finding that the eviction action was not subject to the CDC Order and permitted the Complaint in Ejectment to proceed.  Multiple *pro se* filings followed wherein Appellant raised numerous counterclaims against additional parties, and those parties filed Preliminary objections to those counterclaims.

On June 17, 2021, Appellee filed a Motion for Summary Judgment and a Memorandum of Law in support thereof.  On September 3, 2021, the trial court entered its Order sustaining preliminary objections filed by the additional parties and dismissing Appellant's counterclaims with prejudice.  Also on that date and relevant herein, the trial court entered an Order granting Appellee's Motion for Summary Judgment and entered judgment in favor of Appellee and against Appellant for the Possession of the Guitner Road property.

On October 1, 2021, Appellant filed what she titled an "Appeal of Civil Action Ejectment" attached to a "Brief for Appellant"  which reads as a purported appellate brief. The filing was captioned as an appeal with

- 2 -

Commonwealth Court of Pennsylvania. In its Order filed on October 4, 2021, the trial court directed Appellant to file and serve a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1) within twenty-one days. The next day, Appellee filed a Praecipe for Writ of Possession. In its *Per Curiam* Order of October 14, 2021, the Commonwealth Court transferred this matter to this Court.[1]

Several *pro se* filings followed including a Notice of Removal to the United States District Court;[2] however, Appellant did not file a concise statement as required by the trial court's October 4, 2021, Order. In addition,

_____

[1] Therein, the Commonwealth Court stated the following:

> NOW, October 14, 2020, upon review of this matter, it appears that this is an ejectment action between private individuals/entities and not within the appellate jurisdiction of the Commonwealth Court. Accordingly, the notice of appeal is transferred to the Superior Court of Pennsylvania, Middle District. 42 Pa.C.S. §§ 705; 762; Pa. R.A.P. 752.
>
> In addition to mailing a copy of this Order to the parties, the Prothonotary is directed to mail a copy of this Order to the Honorable Jeremiah D. Zook of the Thirty-Ninth Judicial District, Franklin County Branch.

[2] In its Rule 1925(a) Opinion, the trial court indicates that "[t]hese pleadings are captioned for United States District Court-Middle District of Pennsylvania, and appear to have been filed with that Court in addition to this court. We therefore took no action on them." Opinion-Pa.R.A.P. 1925, filed 1/3/22, at 5 n.5. The trial court further states "[w]e note that [Appellee] has averred to this court that it has moved the Federal District Court to remand this matter to the state courts. *See* Motion for Order Directing Sheriff to Remove Defendant, filed December 17, 2021, ¶ 14. As of the writing of this opinion, this court has not received notification of a remand." Opinion-Pa.R.A.P. 1925, filed 1/3/22, at 6 n.7.

we observe that while Appellant purports to have filed a notice of appeal in the instant eviction action, she did not file a timely appeal of the order entered in the foreclosure action which is the matter she essentially disputes herein. Appellant appears to have conflated the two proceedings, for in her brief, she presents the following questions for this Court's review:

> 1.     Does U.S. Bank have the authority to eject [Appellant] from the property located at 4987 Guitner Road, Chambersburg, Pennsylvania 17202?
>
> 2.     Does U.S. Bank have ownership of the property located at 4987 Guitner Road, Chambersburg, Pennsylvania 17202?
>
> 3.     Was Judge Jeremiah D. Zook correct in his ruling?

Brief for Appellant at 4.

Appellant asks this Court to reverse the trial court's September 3, 2021, Order and permit her to go to trial to prove she is the owner of the Guitner Road property. She explains that "[i]n [her] opinion, the eviction and ejectment case should be reversed" and also baldly asserts the property should be returned to her along with monetary compensation because "the Foreclosure was in fact a Wrongful Foreclosure." Brief for Appellant at 6-7.

To the extent Appellant challenges the foreclosure action only, her appeal must be quashed for lack of jurisdiction in light of her failure to file a timely notice of appeal in that matter.

Moreover, we are unable to proceed to the merits of this appeal, for Appellant's noncompliance with the Pennsylvania appellate rules of procedure has foreclosed any possibility of meaningful appellate review herein.

> [A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (quoting ***Lyons***, 833 A.2d at 252). "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." ***Commonwealth v. Gray,*** 415 Pa.Super. 77, 608 A.2d 534, 550 (1992) (quoting ***Vann v. Unemployment Comp. Bd. of Review***, 508 Pa. 139, 494 A.2d 1081, 1086 (1985)).

***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021), *reargument dismissed* (Aug. 27, 2021).

First, in lieu of filing a proper and timely notice of appeal with this Court, Appellant filed her "Brief for Appellant" on October 1, 2021. Pennsylvania Rule of Appellate Procedure 501 provides that "any party who is aggrieved by an appealable order" may file a notice of appeal within 30 days of the entry of the order. Pa.R.A.P. 501; ***see also*** Pa.R.A.P. 903.

In addition, the trial court's October 4, 2021, Order clearly directed Appellant "to file of record and with the Court within **twenty-one (21**) days a concise statement of matters complained of on appeal. This Statement shall be served on the [c]ourt pursuant to Pa.R.A.P. 1925(b)(1). Any issue not properly included in the Statement timely filed and served shall be deemed

waived. [Pa.R.A.P. 1925(b)(3)(iv)]." Trial Court Order, filed 10/4/21 at ¶ 2 (emphasis in original).

Appellant failed to comply with this Order, leaving the trial court to observe in its Pa.R.A.P. 1925(a) Opinion that "[w]e are therefore inhibited by [Appellant's] inaction. However, assuming for purposes of this opinion that [Appellant] simply challenges our sustainment of the preliminary objections to her Counterclaims 1 & 2, we submit that no error was committed." Opinion-Pa.R.A.P. 1925, filed 1/3/22, at 6.

Rule 1925(a) is mandatory. It is well-settled that whenever a trial court orders an appellant to file a concise statement pursuant to Rule 1925(b), the appellant must comply in a timely manner. *See Feingold v. Hendrzak*, 15 A.3d 937, 940 (Pa.Super. 2011); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Rule 1925(b), any issues not raised in that statement are waived). An appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in automatic waiver of the issues raised. *See also* Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

As this Court recently observed:

Although this Court construes materials filed by a *pro se* litigant liberally, we cannot act as Appellant's counsel. *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006). Any layperson who chooses to represent himself assumes

the risk that his lack of legal training will be his undoing. ***Id.*** As a whole, Appellant's disregard for the Rules of Appellate Procedure has left this Court without the ability to conduct effective review. ***See id.*** (declining to consider merits due to brief that was "wholly inadequate to present specific issues for review"). Accordingly, we dismiss this appeal without consideration of the merits of Appellant's issues. ***See*** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be ... dismissed."). Appeal dismissed.

***Smithson***, ***supra*** at 761.

Our Supreme Court has held that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period." ***Commonwealth v. Schofield***, 888 A.2d 771, 774–75 (Pa. 2005). Consequently, Appellant's failure to file a concise statement with the trial court prothonotary as directed requires this Court to conclude that the issues she presents in her appellate brief are waived.

Furthermore, even if she had properly fled a concise statement, Appellant offers no pertinent legal authority to support her bald allegations in her appellate brief in violation of Pa.R.A.P. 2119(a) (stating argument section of brief shall present such discussion and citation of authorities as are deemed pertinent). Instead, Appellant stresses she has no legal training and opines as to why she still owns the Guitner Road property. Brief for Appellant at 7. Accordingly, we would deem Appellant's claims to be waived for this reason as well. ***See Umbelina v. Adams***, 34 A.3d 151, 161 (Pa.Super. 2011)

("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted). *See also Norman for Estate of Shearlds v. Temple University Health System*, 208 A.3d 1115, 1119 (Pa.Super. 2019) (*citing Wilkins v. Marsico*, 903 A.2d 1281, 1284 (Pa.Super. 2006) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. [Pa.R.A.P. 2101.]").

In light of all of the foregoing, Appellant's appeal must be dismissed.[3]

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2022

---

[3] This Court may affirm the trial court's order on any valid basis. *Plasticert, Inc. v. Westfield Ins. Co.*, 923 A.2d 489, 492 (Pa.Super. 2007).