J-S24034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROGER N. WOLFE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBORAH LEE NICKEY | : | |
| | : | |
| Appellant | : | No. 1704 MDA 2022 |

Appeal from the Order Entered December 19, 2022
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2020-06628

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 31, 2023**

Deborah Lee Nickey appeals *pro se* from the December 19, 2022 order

directing her to pay $1,480.00 in attorney's fees to Appellee, Roger N. Wolfe,

and making final the trial court's November 29, 2022 order finding her in

contempt.[1]  For the following reasons, we affirm.

The relevant facts and procedural history of this case, as gleaned from

the certified record, are as follows:  On July 21, 2022, Appellant was ordered

to return certain personal property to Appellee following a bench trial on a

claim for replevin.  ***See*** trial court opinion and order, 7/21/22 at 3-4.

Appellant did not file post-trial motions, but instead filed a ***pro se*** notice of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The record reflects that Appellee has not filed a brief in this matter.

appeal at docket no. 1126 MDA 2022 and a motion for reconsideration. On October 12, 2022, Appellant's appeal was dismissed without prejudice to Appellant's right to file post-trial motions *nunc pro tunc* with the trial court.

Subsequently, Appellee filed a *praecipe* for writ of possession. When Appellant did not return the property, Appellee filed a petition for contempt. On November 29, 2022, the trial court entered an order finding Appellant in contempt of its July 21, 2022 order, and directing her to pay Appellee's attorney's fees to be determined at a later date by the trial court.

Thereafter, on December 19, 2022, the trial court entered an order awarding Appellee $1,480.00 in attorney's fees. That same day, Appellant filed a timely *pro se* notice of appeal from the trial court's December 19, 2022 order.[2] On December 20, 2022, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed an

_____

[2] The record reflects that on January 23, 2023, this Court issued an order directing Appellant to show cause as to why her purported appeal from the non-final contempt order should not be quashed as interlocutory. On January 26, 2023, Appellant responded to the rule to show cause order indicating that she was appealing from the trial court's December 19, 2022 order, awarding Appellee $1,480 in attorney's fees. Because Appellant filed a timely notice of appeal from the order awarding attorney's fees, thereby rendering the November 29, 2022 contempt order final, the rule to show cause order was discharged on February 14, 2023. *See Foulk v. Foulk*, 789 A.2d 254, 257 (Pa.Super. 2001) (reiterating that for contempt order to be appealable, it is only necessary that order impose sanctions and no further court order be required before sanctions take effect).

untimely Rule 1925(b) statement, consisting of 7 single-spaced pages, on January 11, 2023. The trial court filed its Rule 1925(a) opinion that same day.

Preliminarily, we observe that Appellant's "Issues Presented for Review" is in violation of Pennsylvania Rule of Appellate Procedure 2116(a), which provides that the statement of the questions involved "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail," and that "[e]ach question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question." Pa.R.A.P. 2116(a).

Instantly, the "issues" presented for our review in Appellant's **pro se** brief consist of two lengthy paragraphs that are comprised largely of general conclusory statements, and none of which is phrased as a question. **See** Appellant's brief at 7-8. Appellant's failure to include a compliant statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. **See Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996).

As best we can discern from the "Argument" section of Appellant's brief, she challenges the trial court's November 29, 2022 contempt order on four grounds:

> [1.] The [A]ppellant did not willfully and knowingly fail to comply with the court order.

[2.] The court order was impossible for them to comply with, extremely vague and unclear[.]

[3.] The [A]ppellant believes the judge engaged in behavior that constitutes judicial misconduct.

[4.] The case lacks required evidence and [Appellee] failed to meet the burden of proof requirements. The [Appellant] questions if she should be held responsible for property she denies having in her possession and property that was never proven to be in her possession. The [A]ppellant does not have any property belonging to [Appellee] and therefore should not be held in contempt.

Appellant's brief at 9.

Prior to any consideration of the merits of Appellant's claims, however, we must address the timeliness of her Rule 1925(b) statement. This Court has long recognized that a party who files an untimely Rule 1925(b) statement waives all of his issues on appeal. In *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222 (Pa.Super. 2014), an *en banc* panel of this Court concluded that "it is no longer within this Court's discretion to ignore the internal deficiencies of 1925(b) statements" and reaffirmed the rule that a party who files an untimely Rule 1925(b) statement has waived all issues raised on appeal. *Id.* at 224, 227; *see also* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)]" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal).

- 4 -

Additionally, we note that Appellant's status as a **pro se** litigant does not absolve her from responsibility for compliance with the rules. On the contrary, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Norman for Estate of Shearlds v. Temple University Health System**, 208 A.3d 1115, 1118–1119 (Pa.Super. 2019) (citation omitted), **appeal denied**, 223 A.3d 668 (Pa. 2020), **cert. denied**, ___ U.S. ___, 141 S.Ct. 301 (2020).

Instantly, the trial court ordered Appellant to file a Rule 1925(b) concise statement within 21 days of the date of its December 20, 2022 order, or by January 10, 2022. Appellant filed her Rule 1925(b) statement on January 11, 2021, one day after the expiration of the deadline. The record contains no indication that Appellant sought, or that the trial court granted, an extension of time for filing. The trial court declined to address the substantive merits of Appellant's claims in its Rule 1925(a) opinion and found waiver under Rule 1925. **See** trial court Rule 1925(a) opinion, 1/11/23 1, ¶ 2. The record supports this holding.

Appellant's blatant disregard of the waiver rules set forth in Rule 1925(b) should not be rewarded. To hold otherwise would permit a disparate treatment of litigants and unfairly discriminate against those who comply with Rule 1925(b). Accordingly, we agree with the decision of the trial court that Appellant has waived all her claims on appeal by failing to timely comply with

Rule 1925(b). We, therefore, affirm the December 19, 2022 order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2023